UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

          Plaintiff,

v.

JOHN LEOPOLD et al.,

          Defendants.

Case No. C19-816-RSM

**REPORT AND RECOMMENDATION**

Plaintiff is detained at the Snohomish County Jail. Before the Court is his *pro se* prisoner complaint seeking relief under 42 U.S.C. § 1983 against defendants John Leopold, a jail classification specialist, and Kimberly Parker the classification supervisor. Dkt. 5.

The Court is required to screen complaints filed by plaintiffs who are prisoners. *See* 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The complaint here alleges plaintiff violated a jail rule. Defendant Leopold consequently sanctioned plaintiff by denying him access to the jail library from April 1 to April 15, 2019. Dkt. 5 at 2. Plaintiff alleges this deprivation violated his right of access to the courts. Plaintiff also alleges he has been denied the right to represent himself in his criminal case. *Id.* at 3. As relief,

REPORT AND RECOMMENDATION - 1

plaintiff seeks a permanent injunction preventing defendants from barring him from the jail law library and monetary damages of $1,000,000 and punitive damages of $1,000,000. *Id.* at 4. Because the complaint does not establish plaintiff has been harmed, and because his right to represent himself relates to his pending criminal charges from which the Court must abstain, the Court recommends the complaint be dismissed. The current deficiencies are not curable by amendment, and the Court thus also recommends the complaint be dismissed without further leave to amend.

## BACKGROUND

Plaintiff is a detainee at the Snohomish County jail. He alleges that in late March 2019, defendant Leopold sanctioned plaintiff to 15 days "of denial of access to the jails law library. The sanction was in effect from April 1st to April 15th, 2019, and was approved by defendant Kimberly Parker as punishment for a violation of a jail rule. Dkt. 5 at 2. Plaintiff further alleges that defendants' actions have denied him the right to represent himself and punishes him "for criminal indictments preconviction." *Id*. at 3.

## DISCUSSION

The complaint fails to state a claim for relief upon which relief may be granted. Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Bounds*, the Supreme Court held the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id*. at 349.

To establish he suffered an actual injury, plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to

REPORT AND RECOMMENDATION - 2

present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (*quoting Lewis*, 518 U.S. at 353 & n. 4).

Plaintiff has not alleged any actual injury. At most, plaintiff alleges he was denied access to the law library for two weeks. He alleges nothing more and the mere inability to access the library without more does not establish a claim for relief. Moreover, the Court's docket establishes the two week denial of library access has done nothing to impede plaintiff's access to the courts. Plaintiff alleges that he was sanctioned by defendant Leopold in late March. However, from March 13, 2019 to the end of May, plaintiff has filed 14 civil law suits in this Court alone. *See Eckard v. Wilmouth*, 19-377 (3/13/19); *Eckard v. Thomas*, 19-429 (3/25/19); *Eckard v. Thomas*, 19-431 (3/25/19); *Eckard v. Langdon*, 19-579 (4/17/19); *Eckard v. Deshev*, 19-580 (4/17/19); *Eckard v. Caraway*, 19-679 (5/6/19); *Eckard v. Ayala*, 19-668 (5/6/19); *Eckard v. Thomas* , 19-669 (5/6/19); *Eckard v. Caraway*, 19-679 (5/6/19); *Eckard .v Stites*, 19-738 (5/15/19); *Eckard v. Rizk*, 19-813 (5/28/19); *Eckard v. Sprouse*, 19-814 (5/28/19); *Eckard v. Jones*, 19-815 (5/28/19); and the instant case. Plaintiff's ability to continually access the court belies any harm suffered. As plaintiff provides no allegations or evidence his alleged lack of access to the law library has injured him, the claim should be dismissed with prejudice.

Plaintiff also alleges his right to represent himself in his pending felony criminal case has been violated. A Federal Court will not intervene in a pending state criminal matter absent

REPORT AND RECOMMENDATION - 3

extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a federal district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). Each of the *Younger* criteria are satisfied here. Plaintiff's proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that plaintiff cannot raise in his criminal case the self-representation claim he raises here or that there is a danger of great and immediate irreparable harm. Therefore, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves and it should be dismissed.

In sum, the court recommends plaintiff's claim that defendants violated his right of access to the law library be dismissed with prejudice. Plaintiff was temporarily denied access to the library as a sanction for violating a jail rule. There is no evidence the temporary denial harmed plaintiff. To the contrary, on April 17, 2019, plaintiff filed two civil complaints. This is just two days after he regained access to the library. Since April 17 ,2019, plaintiff has filed eight more law suits. Plaintiff also indicates defendants have harmed his right to represent himself in his criminal case. Plaintiff does not explain how or why this is so. Even if he did, the Court should not intrude into an on-going criminal matter. If plaintiff has concerns about his right to self-representation in his pending criminal case, he should present those concerns to the state criminal trial court.

**OBJECTIONS AND NOTING DATE**

Any objections to this Recommendation must be filed no later than **Monday, June 25,**

REPORT AND RECOMMENDATION - 4

**2019**.  The matter will be ready for the Court's consideration on Friday**, June 28, 2019** and the Clerk should so note the matter. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 11th day of June, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5